IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHRISTINA DAUGHERTY individually on her own behalf and individually and as parent and next of kin for minor child R.B., minor child J.Q., and minor child A.D., and AMANDA CALHOUN individually, | * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action File No. _____ |
| DENVER LOGISTICS LLC, NATIONAL INDEMNITY COMPANY, and SEMERE ABRAHA, | * * * * | |
| Defendants. | * | |

## COMPLAINT AND CIVIL ACTION FOR DAMAGES

COME NOW Plaintiffs and file this Complaint and Civil Action for Damages, showing this Honorable Court the following:

## PARTIES, JURISDICTION & VENUE

1.      Plaintiffs are residents of Sylvester, Worth County, Georgia.  Christina Daugherty is of the age of majority and is the parent and next of kin for minor children R.B., J.Q., and A.D. *See* Fed. R. Civ. P. 5.2 (party may include only minor's initials for privacy protection).  Amanda Calhoun is of the age of majority.

2.      Defendant Denver Logistics LLC is a resident of Colorado.  Defendant Denver Logistics LLC is a foreign limited liability company with Colorado as its state of formation and with its principal place of business at 10700 E. Dartmouth Ave., Apt. G103, Denver, Colorado  80014. Defendant Denver Logistics, LLC may be served with legal process through its registered agent Habtom Aregawi, 10700 E. Dartmouth Ave., Apt. G103, Denver, Colorado  80014.

3.      At the time of the subject collision, Defendant National Indemnity Company provided a

policy of liability insurance on behalf of Defendant Denver Logistics LLC bearing the policy of

insurance number 70TRS116535.  Defendant National Indemnity Company is subject to suit by

direct action pursuant to OCGA § 40-1-112 and/or OCGA § 40-2-140.

4.      Defendant National Indemnity Company is a foreign insurance company with Nebraska

as its place of formation and with its principal place of business at 1314 Douglas Street, Suite

1400, Omaha, Nebraska  68102-1944.  Defendant National Indemnity Company may be served

with legal process through its registered agent in the State of Georgia, Andrea Conarro, Esq.,

Law Office of Andrea Conarro, 439 South Park Street, Unit A, Dahlonega, Lumpkin County,

Georgia  30533.

5.      Defendant Semere Abraha is a resident of Colorado and may be served with legal process

at 10700 E. Dartmouth Ave., Apt. G103, Denver, Colorado  80014.

6.      Subject matter jurisdiction exists, pursuant to 28 U.S.C. § 1332, because the parties are

citizens of different states, and the amount in controversy exceeds $75,000.

7.      Defendant Denver Logistics LLC is subject to personal jurisdiction because it transacts

business within this State and/or because it committed a tortious act within this State.

8.      Defendant Abraha is subject to personal jurisdiction because he transacts business within

this State and/or because he committed a tortious act within this State.

9.      Venue is proper in this Court, pursuant to 28 USC § 1391, because this is the judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

10.     On November 27, 2021, Defendant Denver Logistics LLC by and through its employee

and/or agent Defendant Abraha caused a motor vehicle collision in Quitman County, Georgia.

11.      Defendant Abraha was driving a tractor-trailer westbound on State Route 50 near its

intersection with Roberts Road.  Defendant Abraha was driving the tractor-trailer in the course

and scope of his employment and/or agency with Defendant Denver Logistics LLC.

12.      Plaintiffs were in a passenger vehicle traveling westbound on State Route 50.

13.      Plaintiff Amanda Calhoun was driving the passenger vehicle and was in the process of

making a left turn into a driveway on the eastbound side of State Route 50.

14.      Defendant Abraha caused a motor vehicle collision with Plaintiffs' vehicle.

15.      Defendant failed to pay attention and keep a proper lookout of the roadway ahead.

16.      Defendant failed to exercise ordinary care and negligently caused a collision with the

vehicle in which Plaintiffs were traveling.

17.      Plaintiff Amanda Calhoun, Plaintiff Christina Daugherty, Plaintiff R.B., Plaintiff J.Q.,

and Plaintiff A.D. each suffered and continues to suffer injuries and damages as a proximate

result of the collision.

18.      Plaintiff Amanda Calhoun, Plaintiff Christina Daugherty, Plaintiff R.B., Plaintiff J.Q.,

and Plaintiff A.D. each has incurred medical expenses and may likely incur future medical

expenses as a proximate result of the collision.

19.      Plaintiff Amanda Calhoun, Plaintiff Christina Daugherty, Plaintiff R.B., Plaintiff J.Q.,

and Plaintiff A.D. each has sustained past, present, and future lost income and/or lost earning

capacity as a proximate result of this incident and their injuries.

20.      At the time of the subject collision, Defendant National Indemnity Company provided a

policy of liability insurance on behalf of Defendant Denver Logistics LLC bearing the policy of

insurance number 70TRS116535.  Defendant National Indemnity Company is subject to suit by

direct action pursuant to OCGA § 40-1-112 and/or OCGA § 40-2-140.

## LIABILITY OF DEFENDANTS

21.     At all times pertinent herein, Defendant Abraha was an employee and/or agent of and

was acting in the course and scope of his employment and/or agency with Defendant Denver

Logistics LLC.

22.     Defendant Denver Logistics LLC is vicariously liable under the doctrine of respondeat

superior for the acts and omissions of Defendant Abraha.

23.     Defendant Abraha owed a duty of care to the motoring public in general, and to Plaintiffs

in particular, to operate the tractor-trailer in a reasonable and prudent manner and adhere to the

Rules of the Road of Georgia.

24.     Defendants are liable for the tortious acts and omissions of Defendant Abraha which

include, but are not limited to, the following:

(a)     following too closely, in violation of OCGA § 40-6-49, which amounts to both

ordinary negligence and negligence *per se*;

(b)     failing to maintain his lane of travel and moving from his lane of travel when such

movement cannot be made with safety, in violation of OCGA § 40-6-48, which

amounts to both ordinary negligence and negligence *per se*;

(c)     driving too fast for conditions, in violation of OCGA § 40-6-180, which amounts

to both ordinary negligence and negligence *per se*;

(d)     failing to properly pass a vehicle traveling in the same direction, in violation of

Georgia law including OCGA § 40-6-42, which amounts to both ordinary

negligence and negligence *per se*; and

(e)     failing to yield the right of way, in violation of Georgia law including OCGA

§ 40-6-49, which amounts to both ordinary negligence and negligence *per se*.

4

25.     Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, such that expenses of litigation including attorneys' fees should be recovered under OCGA § 13-6-11.

26.     Defendant National Indemnity company is liable pursuant to either or both of Georgia's direct action statutes.  Defendant National Indemnity Company is liable for the tortious acts and omissions committed by Defendants or for which Defendants are responsible that proximately caused the collision and Plaintiffs' damages.

## DAMAGES CLAIMED

27.     The injuries and damages claimed by Plaintiffs were proximately caused by the tortious acts and omissions of Defendants.

28.     Plaintiff Amanda Calhoun, Plaintiff Christina Daugherty, Plaintiff R.B., Plaintiff J.Q., and Plaintiff A.D. each suffered and continues to suffer injuries to her/his body and mind as a proximate result of the collision.  Each plaintiff claims general damages for all elements of pain and suffering, both physical and mental, that each endured, endures, and will endure in the future, with the amount to be determined by the enlightened conscience of a fair and impartial jury.

29.     Plaintiff Amanda Calhoun, Plaintiff Christina Daugherty, Plaintiff R.B., Plaintiff J.Q., and Plaintiff A.D. each incurred medical expenses and may likely incur future medical expenses as a proximate result of the collision.  Each plaintiff claims special damages for her/his past and future medical expenses, in an amount determined by the jury to be the reasonable value.

30.     Plaintiff Amanda Calhoun, Plaintiff Christina Daugherty, Plaintiff R.B., Plaintiff J.Q., and Plaintiff A.D. each claim special damages for past and future lost wages and/or lost earning capacity in an amount determined by the jury based upon the evidence presented at trial.

31.    Plaintiffs seek expenses of litigation including attorneys' fees under OCGA § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a)    that summons issue requiring Defendants to appear as provided by law to answer

this complaint;

(b)    that Plaintiffs have a trial by jury;

(c)    that Plaintiffs each recover all damages that are compensable under Georgia law;

(d)    that all costs be cast against Defendants;

(e)    that expenses of litigation be awarded pursuant to OCGA § 13-6-11; and

(f)    for such other relief as the Court deems just and appropriate.

Respectfully submitted this 10th day of April, 2023.

CRAWFORD & BROWN
LAW FIRM LLP

Post Office Box 1118                         By:  /s/ Dustin T. Brown
Columbus, GA  31902                              Dustin T. Brown
Telephone:  (706) 320-9646                       Georgia Bar No. 086998
Facsimile:  (706) 494-0221                       dustin@crawfordandbrown.com

THE CALLIER FIRM

By: /s/ Jefferson C. Callier
1430 Wynnton Road                                Jefferson C. Callier
Columbus, GA  31906                              Georgia Bar No. 105250
Telephone:  (706) 323-7711                       calcallier@aol.com
Facsimile:  (706) 323-7544

*Attorneys for Plaintiffs*